**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOSEPH AMBROSE,

        Petitioner,                                   Case Number: 06-13361-BC
                                                             Honorable Thomas L. Ludington

v.

RAYMOND D. BOOKER,

        Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO STAY**

Petitioner Joseph Ambrose filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on July 25, 2006. Petitioner challenges his 2001 convictions in Kent County Circuit Court on the ground that he was denied his right to be tried before a jury drawn from a fair cross-section of the community. On June 16, 2008, the Court determined that Petitioner was entitled to an evidentiary hearing and referred the matter to Magistrate Judge Charles E. Binder to conduct the hearing and prepare a report and recommendation. On October 26, 2009, the magistrate judge held the evidentiary hearing, and presumably, has begun the process of preparing a report and recommendation.

Now before the Court is Respondent's motion to stay the proceedings pending the resolution of *Berghuis v. Smith*, 543 F.3d 326 (6th Cir. 2008), cert. granted, No. 08-1402, 77 U.S.L.W. 3645 (U.S. Sept. 30, 2009). Generally, in *Berghuis*, the Supreme Court will consider 1993 Kent County jury venire selection practices and the effects of those practices on the habeas petitioner's right to be tried before a jury drawn from a fair cross-section of the community. Respondent contends that

the resulting Supreme Court opinion may help to establish what constitutes a legally significant disparity "between the numbers of a distinct group in the community as against the representation of the group within venires."

Yet, as Petitioner highlights in his response, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). While a stay could result in an informative Supreme Court decision, the existence of that possibility does not justify a stay, particularly when the challenged 1993 jury venire selection practices in *Berghuis* are distinct from the 2001 "computer glitch" at issue in this case. Moreover, this case is over three years old and further delay is not justified based solely on the possibility that an informative Supreme Court decision may be forthcoming because of a recent grant certiorari.

Accordingly, it is **ORDERED** that Respondent's motion to stay [Dkt. # 41] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 11, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS