**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOSEPH AMBROSE,

        Petitioner,                      Case Number: 06-13361-BC
                                              Honorable Thomas L. Ludington

v.

RAYMOND D. BOOKER,

        Respondent.
_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR IMMEDIATE**
**CONSIDERATION AND MOTION FOR STAY PENDING APPEAL**

Petitioner Joseph Ambrose filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on July 25, 2006. Petitioner challenges his 2001 convictions in Kent County Circuit Court on the ground that he was denied his right to be tried before a jury drawn from a fair cross-section of the community. On March 10, 2011, the Court adopted Magistrate Judge Binder's report and recommendation, overruled Respondent Raymond Booker's objections, and conditionally granted Petitioner a writ of habeas corpus [Dkt. #56]. The Court's order provided that Respondent was to release Petitioner from custody unless the State brings him to trial within 180 days. On April 1, 2011, Respondent filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit of this Court's March 10, 2011 order and accompanying judgment.

Now before the Court is Petitioner's motion for bond [Dkt. #60], which was filed on April 7, 2011, and Respondent's motion for immediate consideration and motion to stay the Court's March 10, 2011 judgment pending appeal [Dkt. #62], which was filed on April 19, 2011. For the reasons explained hereafter, the Court will grant Respondent's motion for immediate consideration and

motion to stay judgment and will address an element of the law governing Petitioner's motion for bond. The remainder of Petitioner's motion for bond will be addressed at the hearing scheduled for June 1, 2011 at 2:00 p.m.

Respondent requests that the Court stay its order providing that Petitioner is to be released from custody unless the State brings him to trial within 180 days. Respondent requests a stay in light of the fact that subsequent to the entry of this Court's order he perfected his appeal. It is unlikely that Respondent's appeal will be resolved within the 180 days and if Respondent prevails on appeal a trial would be unnecessary. Respondent's request for a stay of the Court's order will be granted. The Court also finds it appropriate to grant Respondent's motion for immediate consideration in light of the impact complying with the 180-day timeline would have on trial preparation both for Petitioner and Respondent. Federal Courts entertaining a habeas petition are accorded discretion in fashioning the appropriate relief. 28 U.S.C. § 2243.

In his motion for bond, Petitioner cites the factors set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987), to determine whether granting bond is permissible. More specifically, Hilton provides that the Court must consider "(1) [the] likelihood of the stay applicant's success on the merits; (2) whether the stay applicant will be irreparably harmed; (3) whether the issuance of the stay would injure other interested parties; and (4) the public interest . . . ." 481 U.S. at 776. The Court finds it prudent to abstain from addressing the second, third, and fourth factors until Petitioner's hearing on his motion for bond.

As to the first factor, Petitioner generally contends that he is likely to succeed on appeal for the reasons explained in the Court's March 10, 2011 order. Respondent, however, disagrees and assigns error to two points where he believes he is likely to be successful on appeal. First, he takes exception to the Court's conclusion that Petitioner satisfied the cause and prejudice exception to the

rule of procedural default. Respondent does not explain why he finds that this Court's analysis is erroneous aside from citing to two Western District of Michigan cases which the Court addressed in its March 10, 2011 order.

Though the issue was not separately addressed, a survey of Michigan jurisprudence does not reflect a "hard and fast" rule requiring defense counsel's contemporaneous objection to a systematically irregular venire, as Respondent would suggest. In *People v. McCrea*, 303 Mich. 213, 278, 6 N.W.2d 489 (1942), often cited as the seminal Michigan case requiring the defendant's objection before the jury is sworn, the court held that where a defendant makes "no satisfactory showing that he could not, before the trial, by reasonable diligence, have discovered such alleged [venire] irregularities. . . . [t]he law is well established that a challenge to the array, made after a verdict of guilty, comes to late." Here, Petitioner has demonstrated that the irregularity affecting his case could not have been discovered with the exercise of reasonable diligence.

Moreover, requiring a defendant to make a contemporaneous objection based simply on an anecdotal view of the jury's racial composition defies logic; any individual panel could over represent a "distinctive" group even though the group might be under represented in the jury venire as a whole. A gaze into the jury gallery tells you nothing and, in fact, can be misleading. To also suggest that an effective defense attorney must investigate the jury assembly process in every case conditioned upon his client's loss of the right is unnecessary and wasteful. On the other hand, when "glitches" do occur, they do structurally impact the trial process. Respondent has not adequately explained why he believes he has a substantial case with respect to his first assignment of error.

Second, Respondent disagrees with the Court's finding that Petitioner had established a prima facie case of violation of his right to be tried before a jury drawn from a fair cross-section of the community. The law, it is conceded, is unclear with respect to measuring and defining under

representation. The Court concluded that a 42% comparative disparity, together with an unrebutted Chi-square goodness-of-fit test result, satisfied the second element of the Duren factors. This is clearly a debatable question of law, and Respondent may have a substantial case on the merits with respect to this assignment of error. Respondent has thus satisfied the first element in addressing Petitioner's motion for bond.

Accordingly, it is **ORDERED** that Respondent's motion for immediate consideration and motion for stay pending appeal [Dkt. #62] is **GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 11, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 11, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS