UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH AMBROSE,

        Petitioner,                                    Case No. 06-13361
                                                             Honorable Thomas L. Ludington

v.

RAYMOND D. BOOKER,

        Respondent.
_____/

**ORDER GRANTING MOTION FOR STAY AND DENYING
WITHOUT PREJUDICE MOTION FOR RELEASE PENDING APPEAL**

For the second time in three years, the Court granted Joseph Ambrose's habeas corpus petition, which he brought under 28 U.S.C. § 2254. In April 2001, Ambrose was convicted by a Kent County jury on two counts of armed robbery, one count of carjacking, and one count of felony-firearm possession. Ambrose's conviction was called into question, however, because a computer glitch prevented him from receiving a jury drawn from a fair cross-section of his community.

When Ambrose first raised the issue, the Court presumed prejudice to excuse his procedural default (not objecting to the unconstitutional jury venire during voir dire) and conditionally granted Ambrose's petition because his fair cross-section claim had merit. The Sixth Circuit reversed, requiring that Ambrose demonstrate actual prejudice to excuse his procedural default. Concluding that he has done so—and again finding that his fair cross-section claim is valid—the Court conditionally granted Ambrose's petition a second time. The State of Michigan was directed to "release Ambrose from custody unless it brings him to trial within 180 days." June 3, 2014 Op. & Order 51, ECF No. 97.

On June 18, 2014, Raymond Booker—represented by the Michigan Department of Attorney General—filed notice of his intent to appeal the Court's June 3 Opinion and Order. Two days later, Booker filed a motion to stay the Court's 180-day directive, arguing that "[a] stay of this Court's order is necessary while the State's appeal is pending in the United States Court of Appeals for the Sixth Circuit . . . ." Resp't's Mot. 6, ECF No. 101. Booker also indicates that "Ambrose should not be entitled to release before the resolution of the State's appeal nor should the State be forced to retry Ambrose pending the appeal." *Id*.

Ambrose filed a corresponding motion for bond pending appeal on June 26, 2014. Contrary to Booker's suggestion, Ambrose argues that "every day of his continued confinement represents an ongoing violation of his constitutional rights" given that his petition has been conditionally granted once again. Pet'r's Mot. 6, ECF No. 103. Ambrose thus asks that the Court order his release on bond conditions. In response to Booker's motion for a stay, Ambrose indicates that "[i]nasmuch as [Booker] also opposes bond, Mr. Ambrose opposes [Booker's] request to stay the Writ, as it would prolong his unlawful custody. But if the Court grants Mr. Ambrose's Motion for Release . . . he would agree . . . that a stay of the Writ is appropriate." Resp't's Resp. 1, ECF No. 104. Because Booker has opposed bond, then, the Court must address his request for a stay.

**I**

The Supreme Court has indicated that "federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (collecting cases). The *Hilton* Court noted that two Rules of Procedure govern the power of this Court to stay the June 3 Opinion and Order pending appeal—namely, Federal Rule of Civil

Procedure 62(c) and Federal Rule of Appellate Procedure 8(a). *Id.* at 776. "Under both Rules, however, the factors regulating the issuance of a stay are generally the same." *Id.* Those factors are as follows:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* (collecting cases).

This Court's authority to order Ambrose's release on bond conditions pending Booker's appeal arises under a different Rule of Procedure: Federal Rule of Appellate Procedure 23(c). Rule 23(c) establishes that "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision . . . orders otherwise—be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). The Supreme Court has declared that "a court making an initial custody determination under Rule 23(c) should be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case." *Hilton*, 481 U.S. at 777. While the interests of the habeas petitioner in release pending appeal are "always substantial," those interests will be "strongest" where the four factors bearing on a stay are weakest. *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 777–78 (E.D. Mich. 2004) (citing *Hilton*, 481 U.S. at 777–78). Accordingly, the analysis of whether this Court's 180-day directive should be stayed pending appeal merges with the analysis of whether Ambrose should be released on bond pending that appeal.

II

Booker requests that the Court stay the directive contained in the June 3, 2014 Opinion and Order. Ambrose opposes that request, and suggests that he should be released on bond pending Booker's appeal. Each issue will be addressed in turn.

A

Whether the Court should stay its order pending appeal is governed by the four factors described by the Supreme Court in *Hilton*. Upon review, the balance of those factors weighs in Booker's favor, and his request for a stay will be granted.

To begin, the Court recognizes that the third *Hilton* factor—whether Ambrose will be substantially injured by the issuance of a stay—weighs strongly in favor of denying Booker's request for a stay. As the Supreme Court made clear in *Hilton*, the interest of the habeas petitioner in release pending appeal is "always substantial." 481 U.S. at 777.

But the other three factors, collectively, weigh in favor of a stay. Booker argues adamantly that he has three "substantial grounds for appeal in this matter." Resp't's Mot. 10. Ambrose is quite correct in noting that "[t]his Court has already considered each of [those] arguments and . . . rejected them." Pet'r's Mot. 3. Booker need not, however, demonstrate a strong likelihood of success on appeal to justify a stay. Instead, if "the second and fourth factors in the traditional stay analysis militate against release[,]" then demonstrating "a substantial case on the merits" is sufficient. *Hilton*, 481 U.S. at 778. Although Booker cannot demonstrate a strong likelihood of success on the merits—otherwise it would be Ambrose seeking an appeal— Booker has nonetheless shown a substantial case on the merits. At least one other Court in the Eastern District of Michigan has agreed with some of his arguments. *See Garcia-Dorantes v. Warren*, 978 F. Supp. 2d 815, 820, 824 (E.D. Mich. 2013) (refusing to consider social

psychologist testimony this Court relied upon and applying the actual prejudice standard from *Strickland v. Washington*, 466 U.S. 668 (1984) that this Court rejected).

Because the two remaining factors also weigh in favor of Booker's request for a stay, the stay will be granted. The second factor is whether Booker (and the State of Michigan) will be irreparably injured absent a stay. Ambrose has a history of criminal activity, including "two felony convictions" as an adult. *See* Kent County Bond Order 1, *attached as* Resp't's Mot. Ex. 1. This, combined with Ambrose's potential exposure to a lengthy sentence (up to 60 years), is sufficient to satisfy Booker's required showing "that the state would be irreparably harmed if the stay is not issued." *Powell v. Howes*, No. 05-71345, 2012 WL 834237, at *2 (E.D. Mich. Mar. 13, 2012) (establishing that petitioner's "criminal history" and "sentence[] [of] 16 1/2 years to 75 years of imprisonment" satisfied respondent's showing as to the second *Hilton* factor).

As to the fourth factor, "[t]he public has a dual and sometimes competing interest in the State's sentences being enforced and in the State not incarcerating individuals in violation of the United States Constitution. The public also has an interest in being protected from dangerous criminals." *Poindexter v. Booker*, No. 05-71607, 2007 WL 2780556, at *3 (E.D. Mich. Sept. 20, 2007). Further, although Ambrose "has an unassailable right not to be incarcerated pursuant to a constitutionally infirm conviction[,]" the State of Michigan "has an interest in not wasting . . . resources by simultaneously pursuing an appeal in the Court of Appeals and re-prosecuting [Ambrose] in state court." *Id*. at *4.

The fact that Ambrose was convicted of violent felonies—even though those convictions have been called into question—raises the public's interest in being protected from a potentially violent offender. This weighs in favor of granting Booker's request for a stay. Ambrose argues that Booker "ignores the public's interest in ensuring fair and constitutionally acceptable

criminal trials, as well as ensuring fair representation on juries." Pet'r's Mot. 5–6. That the public is so interested is undoubtedly true, but the genesis of Ambrose's constitutional violations (the computer glitch) was remedied as soon as it was identified by Kent County. Refusing Booker's request for a stay will not ensure this problem does not occur in the future; the glitch appears to be a simple oversight that, while carrying far-reaching implications, was in no way intentional.

Taken together, the four *Hilton* factors weigh in favor of granting Booker's motion for a stay pending appeal, and the motion will be granted.

**B**

It is well-established that the four traditional factors governing whether a stay is appropriate also bear on the question of whether release pending appeal is appropriate. *See Newman v. Metrish*, 300 F. App'x 342, 344 (6th Cir. 2008). Rule 23(c) establishes "a presumption that a successful habeas petitioner must be released, unless the traditional stay factors weigh against release." *Id.* (citing *Hilton*, 481 U.S. at 777). The *Hilton* Court also noted that "the possibility of flight" and whether "there is a risk that the prisoner will pose a danger to the public if released" are permissible considerations when determining whether a petitioner should be released pending appeal. *Hilton*, 481 U.S. at 777.

As explained above, the four factors governing whether a stay is appropriate weigh in Booker's favor. The State, through Booker, has also made clear its intention of "retry[ing] Ambrose if its appeal is unsuccessful." Resp't's Mot. 23. Accordingly, even if Booker's appeal fails, Ambrose remains charged with two counts of armed robbery, one count of carjacking, and felony-firearm. And the likelihood of a second trial raises the danger of flight. *See*, *e.g.*, *Manley v. Ross Corr. Inst. Warden*, No. 04-7351, 2008 WL 2783491, at *7 (N.D. Ohio July 17, 2008)


(establishing that petitioner "fac[ing] retrial . . . may pose a flight risk."). Also explained above, the fact that Ambrose was previously convicted of violent felonies, even if called into question by this Court, weigh against his release. His motion for bond will be denied.[1]

### III

Accordingly, it is **ORDERED** that Booker's motion requesting a stay pending appeal, ECF No. 101, is **GRANTED**. The Court's June 3, 2014 directive (regarding Ambrose's retrial or release) is **STAYED** pending resolution of Booker's appeal by the Sixth Circuit.

It is further **ORDERED** that Ambrose's motion for release on bond pending appeal is **DENIED** without prejudice.

Dated: July 16, 2014                                s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 16, 2014.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS

---

[1] As before, "the rate at which the Sixth Circuit is able to address the case is something that remains variable. If indeed we are looking at a period of time that is greeter [sic] than a year, I would respectfully agree that bond should be reviewed." Bond Hr'g Tr. 31–32, ECF No. 74. As before, Ambrose's motion for bond may be renewed if the appeal in this matter extends beyond one year.